IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:18cr352-ECM |
| | ) | (WO) |
| TIMOTHY DEAN PETTIWAY | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the defendant's motion to review and reverse detention order (doc. # 62) filed on November 30, 2018. Pursuant to 18 U.S.C. § 3145(b), the defendant seeks review of the detention order entered by United States Magistrate Judge Gray Borden on November 16, 2018.[1] (Doc. # 62). The Government opposes the defendant's motion. (Doc. # 65). The Court has independently examined and reviewed the proceedings before the Magistrate Judge, including the transcripts of the detention hearings held on August 17, 2018 and November 15, 2018, the pretrial services report prepared on August 15, 2018, as well as the motions and briefs filed in support of and against detention. Upon consideration of the arguments of counsel, the evidence presented, the relevant law, and for the reasons that follow, the Court concludes that the defendant's motion is due to be DENIED.

---

[1] The Magistrate Judge also ordered Mr. Pettiway detained on August 22, 2018.

1

## JURISDICTION

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order.

## PROCEDURAL HISTORY

On August 13, 2018, defendant Timothy Dean Pettiway ("Mr. Pettiway") was charged in a criminal complaint with theft from a gaming establishment on Indian lands in violation of 18 U.S.C. § 1167. Mr. Pettiway is accused of entering "the Wind Creek Casino-Montgomery on August 10, 2018, to abstract, purloin, willfully misapply, or take and carry away with the intent to steal any moneys, funds, or other property of value in excess of $1,000 belonging to a gaming establishment operated by or for or licensed by an Indian tribe pursuant to an ordinance or resolution approved by the National Indian Gaming Commission." (Doc. # 1 at 3, ¶ 5). Specifically, Mr. Pettiway is accused of stealing $192,800.00 from two kiosk machines at the casino. (*Id.* at 5, ¶ 13).

Mr. Pettiway was arrested on August 14, 2018. The government filed a motion for detention asserting that he was a flight risk, and a danger to the community. (Doc.# 7). On August 17, 2018, the Magistrate Judge held a preliminary hearing a detention hearing at which Federal Bureau of Investigation

agent Matt Minshew testified. (Doc. # 56). Minshew testified to the acquisition of video surveillance from the casino. The surveillance video was played at the preliminary and detention hearing. Minshew positively identified Mr. Pettiway on the video surveillance. (*Id*. at 7-9). In addition, Minshew testified that the surveillance video showed Mr. Pettiway removing cash boxes from the kiosk machines and taking the cash boxes into the men's restroom. The cash boxes were later recovered from the restroom but the boxes were broken into and empty of the cash. The Magistrate Judge found that there was probable cause "to find Mr. Pettiway was involved in the offense charged in the complaint" and bound him over for further proceedings. (*Id*. at 36).

The Court then turned to the question of detention. Relying on the strength of the surveillance video evidence and the pretrial services report, the government argued that Mr. Pettiway should be detained pending trial. (*Id*. at 37). The pretrial services report that documented Mr. Pettiway's lengthy criminal history with convictions in Alabama, Florida, Louisiana, and California. The government further asserted that in 2017, Mr. Pettiway was arrested in Elmore County, Alabama after a high-speed chase in which Mr. Pettiway's speed approached 114 miles per hour as he attempted to flee from the police. (*Id.*). Finally, the government argued that the almost $200,000 that was stolen had not be recovered and with that amount of

money missing, Mr. Pettiway was a flight risk and potentially dangerous. (*Id.* at 38).

Mr. Pettiway, on the other hand, argued that the evidence presented by the government had "a lot of holes in this story." (*Id.*) Mr. Pettiway pointed to the fact that although his residence was searched, the money was not found there. (*Id.* at 39). He asserted that he had significant family ties to the community, and his criminal history was old. After hearing from Mr. Pettiway's girlfriend, the Magistrate Judge ordered Mr. Pettiway detained.

> Ultimately, this is a difficult question for me. I am sensitive to the request, certainly, made by Ms. Webster that Mr. Pettiway be allowed to be home with his family. However, there is too much here to make me comfortable with that, particularly with respect to criminal history, which is very substantial and spans, effectively, Mr. Pettiway's entire life up through very recently.
>
> I also have concerns about the extensive substance abuse history, which certainly cuts against his ability to comply with the law and to be someone that we can trust to be on bond pending trial.
>
> I am also concerned about the extensive travel back and forth between California, which is borne out by the criminal history and the fact that there have been a number of occasions, it appears, that Mr. Pettiway has used false identification or aliases.
>
> \* \* \*
>
> In addition to that, it's my understanding that Mr. Pettiway is currently on probation out of California, which is yet another factor that gives me a real concern about his respect for the law and his ability to comply with any conditions that I put on him.

> And for all of those reasons, I do find that the government has established by a preponderance of the evidence that the defendant is a flight risk. And I do find that the government has established by clear and convincing evidence that he is a danger to the community if allowed to be released. So there are no conditions that will reasonably assure either his appearance at trial or the safety of the community.

(Doc. # 56 at 46-47).

The Court specifically considered Mr. Pettiway's responsibilities to his nine-year old son but declined to release Mr. Pettiway on electronic monitoring. (*Id.* at 48-49). For the reasons as stated, Mr. Pettiway was ordered detained. (Doc. # 29).

On November 2, 2018, Mr. Pettiway moved the Magistrate Judge to "reopen the issue of detention" due to "emotional issues at home and behavioral issues at school that his minor son is experiencing." (Doc. # 55) The Magistrate Judge agreed to reopen detention, and held another hearing. (Doc. # 59 at 2). At that time, Mr. Pettiway asked the Court to consider releasing him so that "he could be on home detention with his son." (*Id.*) Mr. Pettiway's brother testified that prior to being detained, Mr. Pettiway cared for his son and his two nephews but since his detention, Mr. Pettiway's son had been rebelling. (*Id.* at 7). After taking testimony, reviewing exhibits and hearing from counsel, the Court declined to revoke the detention order.

5

My heart goes out to you, Mr. Pettiway, and particularly to your son. What I've heard today, the additional information about your connection to your family and your responsibility to your son and also at least resolving some of my concerns about substance abuse, you know, that's probably enough to resolve my concerns about you being a flight risk, but that's only half of the equation.

And what I've heard does not do anything to make me feel more comfortable about your danger to the community. You know, I looked back at your criminal history this morning. I counted at least 11 unique convictions. That's ranging from sexual misconduct to domestic violence to providing a false name to a law enforcement officer to assault on a police officer. And that history has continued for the last 30 years consistently. That's combined with the fact that you were on probation when you committed the instant offense or when you were arrested for the instant offense.

I don't feel that putting you on a bracelet and keeping you at your home would be enough to make me comfortable that you're not going to still be out breaking the law. I wish that I could – I wish I could do something different. I wish I could send you home. I wish I could do something else for your son, because I – my heart goes out to both of you.

And to you, Mr. Taylor, for taking on the obligation that you have.

But I just don't feel like there's enough here to make me comfortable about that. So while I do find at this point that there are conditions that I could craft that would reasonably assure your presence at trial – that would involve electronic monitoring, travel restrictions, drug testing – I do not find that there are conditions that will reasonably assure the safety of the community pending trial.

(Doc. # 59 at 20-21)

In his written order, the Magistrate Judge specifically found that "there are no conditions of release that will reasonably assure the safety of any other person and the community if the defendant were to be released on bond pending trial." (Doc. # 57 at 1). The Magistrate Judge further concluded that the government had failed to carry its burden of demonstrating that Mr. Pettiway was a risk of flight. (*Id.*)

On November 30, 2018, Mr. Pettiway filed the pending motion to review and reverse the detention order arguing that the government had failed to meet its burden of presenting "clear and convincing evidence" that Mr. Pettiawy is a present danger to any other person or the community. (Doc. # 62 at 7).

## DISCUSSION

The Magistrate Judge detained Mr. Pettiway on the basis that he is a danger to others or the community. Section 3142(e) of the Bail Reform Act provides that if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the officer will order the defendant detained. While the Court must undertake an independent review of the case, the Court is not obligated to conduct another hearing. *United States v. King*, 849 F.2d 485, 489-90

(11th Cir. 1988).

The Court has conducted an independent review of the record which was sufficiently developed by the Magistrate Judge. The Court has reviewed the transcripts of the detention hearings held on August 17, 2018 and November 15, 2018, reviewed the exhibits and evidence submitted at those hearings, reviewed the pretrial services report prepared on August 15, 2018, and considered the arguments of counsel contained in the motions and briefs filed in support of and against detention. Based on that review, the Court finds that there are no factual disputes that require resolution. *Id*. at 490.

The Court has considered the factors set forth in section 3142(g) as applied to the unique evidence in this case: (1) the nature and circumstances of the charged offenses; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant including his "character, physical and mental condition, family ties, employment, finance resources, length of residence in the community, community ties, past conduct, criminal record, history of drug or alcohol abuse, criminal history, record of appearance at prior court proceedings," and whether he was on probation at the time he allegedly committed the current offense; and (4) the nature and seriousness of the danger to others or to the community.

The charge against Mr. Pettiway is theft of $192,800.00 from a gaming establishment, and the weight of the evidence against him is substantial. The Court has reviewed the surveillance video submitted in support of detention. While Mr. Pettiway has strong family and community ties which weigh in his favor, his extensive criminal history, substance abuse, and past criminal conduct militates against release. When interviewed by the pretrial services officer, Mr. Pettiway admitted recent use of marijuana and cocaine, and a drug test yielded positive results for both. His criminal conduct began in 1986, culminating in the pending charge. His prior convictions traverse the country, and include a sexual misconduct conviction in Alabama, multiple drug convictions in Florida, Alabama, Ohio and California, theft and burglary charges in Louisiana, and assault charges in Alabama. In addition, as recently as October 2017, Mr. Pettiway was arrested in Elmore County, Alabama, after a high-speed car chase that involved speeds that reached 114 miles per hour. When removing Mr. Pettiway from his car, officers saw cocaine in plain view in the vehicle. Finally, Mr. Pettiway was on probation in California for a DUI conviction when he was arrested in 2017 and on the present charges.

Mr. Pettiway argues that he is not a present danger to the community because his criminal history "is not one replete with crimes of violence," and the majority of his convictions occurred before 2000. (Doc. # 62 at 7). The Court disagrees.

9

Mr. Pettiway has been charged at least six times with assault or other crimes involving violence. His use of illegal drugs including cocaine, particularly while on probation, and his most recent flight from police demonstrates that he is a danger to others and to the community. The Court concludes that the government met its burden of presenting clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of others or the community.

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that

(1) the defendant's motion to review the detention order (doc. # 62) is GRANTED.

(2) the defendant's motion to reverse the detention order (doc. # 62) is DENIED; and

(3) The detention order of the Magistrate Judge is AFFIRMED.

Done this the 13th day of December, 2018.

                      /s/Emily C. Marks
                      EMILY C. MARKS
                      UNITED STATES DISTRICT JUDGE