IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:18-cr-352-ECM |
| | ) | (WO) |
| TIMOTHY DEAN PETTIWAY | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's *pro se* motion for early termination of supervised release (doc. 178) filed on February 25, 2022.

On February 14, 2019, the Defendant entered a guilty plea to one count of employee theft from an Indian gaming establishment in violation of 18 U.S.C. § 1168(b). (Doc. 91). On September 3, 2019, the Court sentenced the Defendant to 33 months imprisonment and three years of supervised release. (Doc. 143).

On December 15, 2020, the Defendant began his term of supervised release. In his motion for early termination of his supervised release, the Defendant asserts that he "can't receive any benefits for [his minor son]" because he is on supervision. (Doc. 178 at 1). On March 8, 2022, the Defendant was arrested and charged with violating the Community Notification Act. (Doc. 182). While the Court did not impose any punitive action on the Defendant as the result of his arrest, both the United States and Probation oppose the Defendant's motion. (Doc. 181).

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may terminate a term of supervised release after completion of one year thereof, if the Court determines that early termination is warranted by the Defendant's conduct and is in the interest of justice. *See United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017); *United States v. Tinker*, 14 F.4th 1234, 1240

(11th Cir. 2021).  In making this determination, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). (*Id*.).  These sentencing factors include the nature and circumstances of the offense, the history and characteristics of the Defendant, and the need to protect the public from further crimes of the Defendant.  *See* 18 U.S.C. § 3583(e)(1) and § 3553(a); *Johnson*, 877 F.3d at 996, n.7.

The Court concludes that early termination is not in the public's interest. Considering the nature and circumstances of the Defendant's offense, coupled with the need to protect the public and the need for deterrence, the interests of justice dictate that the Defendant remain under supervision.  Continued supervision is necessary to deter the Defendant from illegal activity and to protect the public.  The Defendant's prior criminal conduct, coupled with his current behavior on release, reveal that the need for deterrence from criminal conduct continues. Consequently, based on the Defendant's nature and characteristics, the Court concludes that the interests of justice require that the Defendant's motion for early termination be denied.

## CONCLUSION

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Defendant's motion for early termination of supervised release (doc. 178) is DENIED.

Done this the 28th day of March, 2022.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE